SAVOY, Judge.
This matter is before this Court on an appeal taken by defendants from an adverse judgment rendered against them in the district court.
Plaintiff alleged that he suffered personal injuries resulting from a collision which occurred on April 13, 1962, between a truck driven by him and an automobile driven by Mrs. Joseph O. Brown, wife of defendant’s insurer.
The trial court made the following finding of fact in connection with the accident in the instant case, namely:
“There is little dispute in the facts surrounding the occurrence of this accident. Newton Reeves was visiting with his daughter at her home on General Wainwright Street in the City of Lake Charles. As Reeves was leaving he entered his 1960 pick-up truck and upon entering same saw the defendant’s station wagon in the driveway across the street. The two driveways involved are not directly across from each other. ' The Reeves’ driveway is slightly to the west of the other driveway. He backed his pick-up down to the edge of the driveway at which time he noticed the station wagon being backed out of the driveway across the street and he stopped his pick-up truck with the back wheels at the edge of the driveway or just at the edge of the street. He, thinking that the station wagon driver did not see his truck, began to blow his horn to call her attention to his presence. The station wagon continued backing and backed into the rear of the Reeves’ truck. The impact caused the station wagon’s bumper to become caught underneath the bumper of the pick-up truck. The two vehicles were separated with the help of a passer-by plus the members of the Reeves family who were in the house. There was very little damage, if any, to the station wagon and the damage to the pick-up truck amounted to a bend in the hinge portion of the tailgate and a bend of the bumper. Mrs. Brown, in her deposition, corroborates the fact that the truck was parked partially in the driveway and extending partially three feet into the street and was blowing its horn just prior to the time that she backed into the truck. The weather was clear, the street was dry and the visibility good.”
After a review of the record, this Court is of the opinion that there is sufficient evidence in the record to sustain the holding of the trial court.
Defendants next complain that the amount awarded to plaintiff for injuries received is excessive and should be reduced. The trial judge awarded plaintiff $4,500.00 for injuries received in the accident.
Approximately ten (10) days after the accident, plaintiff went to his family physician for a physical examination. After completing his examination, Dr. G. E. Bar-ham concluded that plaintiff had suffered a cervical sprain. He found plaintiff to have muscle spasm and limitation of neck motion. There was no evidence of bone injury. He prescribed ultrasound treatments for plaintiff. Plaintiff still complained of pain in the *468 neck, and was referred by Dr. Barham to Dr. Edmond C. Campbell, an orthopedic surgeon, on August 10, 1962, for further examination.
Dr. Campbell made a physical examination of plaintiif and also had X-rays made of plaintiff’s neck. X-rays did not reveal any injury to the bones in the neck. He was of the opinion that plaintiif was suffering from a sprain of the cervical spine. Dr. Campbell recommended physiotherapy treatments which were administered at Lake Charles Memorial Hospital. Plaintiff received ten (10) such treatments. Dr. Campbell again saw plaintiif on August 31, 1962. He was given permission to resume work on September 4, 1962. Plaintiff was advised to return for re-exámination in four (4) weeks, but did not do so. On October 19, 1962, Dr. Campbell again saw plaintiff. The doctor found a mild limited motion in the neck. He prescribed a head halter apparatus and instructed plaintiif as to the use thereof at home. The doctor was of the opinion that plaintiif might have some symptoms for an indefinite period of time, but if he used the halter, the symptoms should be minimized. On a subsequent examination on July 23, 1963, Dr. Campbell examined plaintiff and had X-rays taken, and his opinion was the same as that of October 19, 1962.
Dr. Norman P. Morin, an orthopedic surgeon, examined plaintiif on behalf of defendants on October 7, 1963. Dr. Morin testified that after physical and X-ray examination, and based on the history given to him by plaintiif, he felt plaintiif had completely recovered on the examination date.
The evidence reveals that the accident happened on April 10, 1962, and that the plaintiif was still suffering pain on the day of the trial, February 6, 1964, and that he would continue to do so indefinitely according to the testimony of the attending physician, Dr. Barham, and that of Dr. Campbell, orthopedist. That the plaintiif is cured is based only on the testimony of Dr. Morin who examined the plaintiif once shortly before trial and immediately concluded there was nothing wrong with him.
Considering the medical testimony as a whole, this Court is of the opinion that an award of $4,500.00 is neither excessive nor inadequate.
For the reasons assigned, the judgment of the district court is affirmed. Defendants to pay costs of this appeal.
Affirmed.